UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM THROWER,                                :

        Petitioner,                     :         06 Civ. 4864 (JSR) (AJP)

    -against-                             :         **REPORT AND RECOMMENDATION**

WARDEN LAIRD,                                   :

        Respondent.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Jed S. Rakoff, United States District Judge:**

        Pro se petitioner William Thrower seeks a writ of habeas corpus from his conviction on his plea of guilty in Supreme Court, New York County, on September 28, 2000, of third degree robbery and sentence of three and a half to seven years imprisonment. (Dkt. No. 1: Pet. ¶¶ 1-6.)

        For the reasons set forth below, Thrower's habeas petition should be denied as time barred by the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

**FACTS AND ANALYSIS**

        The First Department affirmed Thrower's conviction on October 10, 2002, without a published opinion. People v. Thrower, 298 A.D.2d 1009, 748 N.Y.S.2d 128 (1st Dep't 2002). The

2

New York Court of Appeals denied leave to appeal on December 26, 2002. People v. Thrower, 99 N.Y.2d 565, 754 N.Y.S.2d 218 (2002).

Thrower did not seek certiorari. (Pet. ¶ 9(g).)

Thus, the AEDPA's one year limitation began to run ninety days after the Court of Appeals denied leave to appeal, when the time expired to file a certiorari petition with the United States Supreme Court. See, e.g., Williams v. Artuz, 237 F.3d 147, 150-51 & n.1 (2d Cir.), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001); accord, e.g., Rodriguez v. Senkowski, 03 Civ. 3314, 2003 WL 21659369 at *1 (S.D.N.Y. July 15, 2003) (Peck, M.J.); Martin v. Walker, 02 Civ. 5880, 2002 WL 31509876 at *1 & n.1 (S.D.N.Y. Nov. 12, 2002) (Peck, M.J.) (& cases cited therein). Thus, the time to file a federal habeas petition expired one year later, on March 26, 2004. (See also Dkt. No. 2: 6/23/06 Mukasey Order at 2.)

Thrower did not file any state collateral proceedings before March 26, 2004. He did file a C.P.L. § 440 motion in Supreme Court, New York County, on or about May 13, 2005. (Pet. ¶ 11(a); Dkt. No. 3: Thrower Aff. Ex.: C.P.L. § 440 Motion.) Justice Goodman denied Thrower's C.P.L. § 440 motion on September 23, 2005. (Dkt. No. 3: Thrower Aff. Ex.: 9/23/05 Decision & Order.) The First Department denied leave to appeal on December 29, 2005. (Dkt. No. 3: Thrower Aff. Ex.: 12/29/05 Certificate Denying Leave.)

Thrower's C.P.L. § 440 motion was filed after the expiration of the AEDPA limitation period, and the filing of a C.P.L. § 440 motion does not re-start the (expired) limitation period. E.g., Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000);

3

accord, e.g., Rodriguez v. Senkowski, 2003 WL 21659369 at *1; Martinez v. Keane, 02 Civ. 9030, 2003 WL 21254422 at *1 (S.D.N.Y. May 30, 2003) (Peck, M.J.); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *13 & n.16 (S.D.N.Y. Dec. 20, 2002) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2003 WL 151988 (S.D.N.Y. Jan. 21, 2003).

Thrower's federal habeas petition was filed on or about May 24, 2006. (Pet., 1st & last pages; see Dkt. No. 2: 6/23/06 Mukasey Order at 2 & n.2.) By Order dated June 23, 2006, then-Chief Judge Mukasey directed Thrower to show cause why his petition was not time barred:

> Accordingly, petitioner is directed to show cause by affirmation within 60 days why the statute of limitations should not bar the instant motion. He must state why he waited over two years after his time to file a federal habeas petition expired to seek review. If appropriate, he should include any facts which would show that "(i) extraordinary circumstances prevented him from filing his petition on time," and that "(ii) he acted with reasonable diligence throughout the period he seeks to toll." Smith [v. McGinnis], 208 F.3d at 17 ("In order to equitably toll the one-year period of limitations, . . . [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time."). Petitioner is advised that lack of knowledge about the law is not sufficient to claim the statute of limitations should be tolled. See Zorilla v. Artuz, No. 99 Civ. 9249 (NRB), 2000 WL 328881 (S.D.N.Y. Mar. 29, 2000) ("ignorance of the law excuses no one" and cannot be proffered as a reason for equitably tolling the limitations) (citation and internal quotations omitted).

(Dkt. No. 3: 6/23/06 Mukasey Order at 3.)

In response, Thrower filed four largely repetitive affidavits. (Dkt. Nos. 3-4, 7-8.) The only explanation Thrower gives is that he never received the New York Court of Appeals' decision denying leave to appeal, and the decision was "unpublished." (Dkt. No. 3: Thrower Aff. at 1; Dkt. No. 4: Thrower Aff. at 1; Dkt. No. 7: Thrower Aff. at 1; Dkt. No. 8: Thrower Aff. at 53-54.)

4

In fact, the New York Court of Appeals' denial of Thrower's leave to appeal was published in the official and unofficial New York Reporters. People v. Thrower, 99 N.Y.2d 565, 754 N.Y.S.2d 218 (2002). Thrower has presented no information as to when he expected to hear from the New York Court of Appeals; what steps, if any, he took to learn the status of his leave application; when he did know that the Court of Appeals denied leave to appeal; and what steps he took thereafter. Thus, he has not shown he acted with reasonable diligence, and has not presented any facts that would justify tolling of the AEDPA limitations period. See, e.g., Jimenez v. Phillips, 04 Civ. 10155, 2006 WL 118369 at *3 & n.2 (S.D.N.Y. Jan. 16, 2006) (declining to equitably toll where petitioner claimed that he never received notice of the Appellate Division's decision denying him leave to appeal); Rodriguez v. People, 01 Civ. 9374, 2003 WL 289598 at *20 (S.D.N.Y. Feb. 11, 2003) (Peck, M.J.) (declining to equitably toll because it was not reasonably diligent for petitioner to wait over eighteen months before inquiring into the status of his appeal); Anderson v. O'Gara, 01 Civ. 5712, 2002 WL 1633917 at *4-5 (S.D.N.Y. July 23, 2002) (dismissing habeas petition as untimely because statutory tolling ended when the decision denying coram nobis petition was issued, even though petitioner did not receive actual notice of the denial); Ferguson v. Mantello, 00 Civ. 2098, 2000 WL 1721140 at *2 (S.D.N.Y. Nov. 16, 2000) (holding that lack of notice was an insufficient basis for equitable tolling where the petitioner did not inquire into the status of the appeal until eighteen months after leave was denied); cf. Jones v. Fischer, 03 Civ. 8313, 2004 WL 2943624 at *1-2 (S.D.N.Y. Dec. 21, 2004) (Peck, M.J.) (reasonable diligence not shown where

                                                                                              5

petitioner waited fifteen months after he learned his attorney did not file his habeas petition before filing the petition himself) (& cases cited therein).

### CONCLUSION

For the reasons discussed above, Thrower's habeas petition should be denied and a certificate of appealability should not be issued.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Rakoff (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy

6

v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  New York, New York
        December 14, 2006

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:  William Thrower
            Judge Jed S. Rakoff

H:\OPIN\THROWER